UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUAN MEDINA,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES, and SHANE INNES, SR., and JACKIE INNES, and their marital community, dba INNES WOOD PRODUCTS,<br><br>        Defendants. | NO. CV-11-0280-LRS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT |

**BEFORE THE COURT** are the following motions: Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 30) filed January 9, 2012; Defendant United States' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (ECF No. 9), filed December 29, 2012; and Defendants Shane and Jackie Innes *pro se* Motion to Dismiss for Lack of Subject Matter (ECF No. 7), filed on September 6, 2011. The United States' Motion to Dismiss/Summary Judgment motion was heard with oral argument on December 15, 2011, however, the motion was deferred based on plaintiff's request for further briefing on what plaintiff felt were new issues that surfaced during briefing of the motion. The remaining motions were noted without oral argument.

/ / /
/ / /

ORDER ~ 1

**I.  Introduction**

Plaintiff filed this suit in the district court on July 29, 2011. Defendant United States filed a motion to dismiss or in the alternative, a motion for summary judgment on October 11, 2011. ECF No. 10. On October 31, 2011, Plaintiff filed his response. ECF No. 15. Defendant United States filed its reply on November 14, 2011. ECF No. 22. In that reply, Defendant United States addressed the issues related to theories of recovery forwarded by Plaintiff in his response: (1) negligent supervision of an inherently dangerous activity; and (2)negligent signing of a contract. On November 29, 2011, Plaintiff requested additional time to respond to what Plaintiff believed were new issues raised by Defendant United States in its reply brief. ECF No. 23. The Court granted Plaintiff's request and on December 9, 2011, Plaintiff filed his Response to United States' Reply. ECF No. 27.

At the hearing on December 15, 2011, Plaintiff requested additional time to provide briefing, indicating he did not have enough time to respond to the United States' reply. The Court allowed Plaintiff until December 29, 2011 to file additional briefing, but limited the briefing to issues that Plaintiff believed he was not able to address in his supplemental response brief filed on December 9, 2011. Plaintiff filed his second supplemental response to the United States motion to dismiss/summary judgment on December 29, 2011. ECF No. 29. On January 5, 2012, the United States filed its reply to Plaintiff's second supplemental response. ECF No. 33.  A decision on the government's motion is now pending.

1    On January 4, 2012, Plaintiff filed his motion seeking leave to
2 amend the complaint. ECF No. 30. Plaintiff now seeks to amend his
3 complaint to include additional causes of action against the Federal
4 Defendants and to restate one of his current causes of action to more
5 accurately reflect recognized theories of recovery in the State of
6 Washington. ECF No. 32, at 2.

**II. Discussion**

"Under the Federal Rules of Civil Procedure, leave to amend should be freely granted when justice so requires." *M/V American Queen v. San Diego Marine Constr. Corp*., 708 F.2d 1483, 1492 (9th Cir.1983). "This strong policy toward permitting the amendment of pleadings, however, must be tempered with considerations of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

Plaintiff argues, citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187-88 (9th Cir. 1987), that no undue prejudice will result from allowing him to amend his Complaint. The Ninth Circuit has held that when a case is still in the discovery stage, with no trial date pending, and no pretrial conference has been scheduled, no prejudice to the opposing party will result from an amended complaint. Plaintiff concludes Defendants will not suffer prejudice if this Court allows leave to amend his complaint because (1) the discovery stage of this case has not begun, (2) neither defendant has filed an answer to

ORDER ~ 3

Plaintiff's Complaint, (3) the Court has not yet had the opportunity to issue a Scheduling Order, and (4) no trial date is pending. ECF No. 32, at 3-4.

Defendant United States has filed an opposition to Plaintiff's motion for leave to file an amended complaint. Defendant United States argues that Plaintiff has simply re-labeled existing causes of action. Defendant United States asserts that the Ninth Circuit has specifically addressed motions to amend that simply re-labeled existing causes of action: "We have held that a district court does not abuse its discretion by denying a motion to amend a complaint . . . when the movant presented no new facts but only 'new theories' and 'provided no satisfactory explanation for his failure to fully develop his contentions originally." *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990), citing*, Vincent v. Trend Western Technical Corp*., 828 F.2d 563, 570-71 (9th Cir. 1987), quoting, *Stein v. United Artists Corp*., 691 F.2d 885, 898 (9th Cir. 1982).

III.  Analysis

Plaintiff's original complaint contains four causes of action addressed to the United States: (1) Colville Tribes' Negligent Supervision of Inherently Dangerous Work; (2) Bureau of Indian Affairs' Negligent Supervision of Inherently Dangerous Work; (3) Colville Tribes' Negligent Signature of Contract Without Proof of Insurance Attached; and (4) Bureau of Indian Affairs' Negligent Signature of Contract Without Proof of Insurance Attached. ECF No. 1. Plaintiff seeks to "rephrase" his "Negligent Signing of a Contract" claim to "Negligent Selection and Retention of an Independent

ORDER ~ 4

Contractor" and "Breach of a Duty to Provide Workers' Compensation Insurance" claims. Plaintiff now seeks to add claims for "Breach of a Duty to Provide a Safe Workplace" and "Negligence in Creating a Hazardous Workplace."

Defendant United States argues the last two causes of action appear to be the same as the original "Negligent Supervision of Inherently Dangerous Work" claims. The United States incorporates by reference its previous briefing provided during the summary judgment proceedings to support dismissal of the new claims.

The Court notes Plaintiff filed a motion for leave to amend his complaint with the benefit of two rounds of motion to dismiss briefing. With the exception of alleging "Breach of a Duty to Provide a Safe Workplace" and "Negligence in Creating a Hazardous Workplace" as separate causes of action against the defendants, Plaintiff's proposed amended complaint is not substantially different from his original Complaint.

The grounds for dismissal raised by the Government are pf significant concern to the Court and may yet prove dispositive. However, because Plaintiff should be given a reasonable opportunity to develop facts which may support his claims in this case, the motion to file an amended complaint is granted. At such time as basic discovery concerning issues raised by the Government's motion is reasonably complete, nothing contained herein shall preclude the Government from asking this Court to again consider whether this case should be dismissed in whole, or in part.

///

ORDER ~ 5

**IT IS ORDERED:**

1. Plaintiffs' Motion for Leave to File Amended Complaint(ECF No. 30) filed January 4, 2012, is **GRANTED. Plaintiff is directed to file the Amended Complaint.**

2. Defendant United States' Motion to Dismiss, or in the Alternative, Motion For Summary Judgment (ECF No. 9) and Defendant Innes' Motion to Dismiss (ECF No. 7) are denied as presently moot but without prejudice to renew hereafter in accord with the foregoing order.

3. Plaintiff's Motion to Strike Reply Memorandum (ECF No. 23) is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this 9th day of March, 2012.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Judge

ORDER ~ 6