UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUAN MEDINA,<br><br>                    Plaintiff,<br><br>          v.<br><br>UNITED STATES, and SHANE<br>INNES, SR., and JACKIE INNES,<br>and their marital community,<br>dba INNES WOOD PRODUCTS,<br><br>                    Defendants. | NO. CV-11-0280-LRS<br><br>ORDER GRANTING UNITED STATES'<br>SUMMARY JUDGMENT MOTION |

**BEFORE THE COURT** is Defendant United States' Motion for Summary Judgment (ECF No. 54), filed April 5, 2012.  The United States' Motion for Summary Judgment was noted for May 29, 2012, without oral argument.[1]

///

///

_____

[1]Plaintiff, in his response to the United States' Motion for Summary Judgment (ECF No. 65), requested oral argument.  The Court, pursuant to Local Rule 7.1 (h)(3), finds that in light of the extensive oral argument on December 15, 2011, the Court will determine the instant motion without additional oral argument.

ORDER ~ 1

**I.  INTRODUCTION**

Plaintiff filed this suit in the district court on July 29, 2011. On October 11, 2011, Defendant United States filed a Motion to Dismiss or In the Alternative, a Motion for Summary Judgment.  (ECF No. 10). At the time this matter was orally argued, Plaintiff requested additional briefing which was granted by the Court.  The Court set briefing deadlines and announced the pending motions (Defendant Innes' Motion to Dismiss For Lack of Jurisdiction, ECF No. 7, and the United States' Motion to Dismiss/Summary Judgment, ECF No. 9) would be taken under advisement pending additional briefing requested by Plaintiff.

On January 4, 2012, Plaintiff filed his motion seeking leave to amend the complaint.  ECF No. 30.  Plaintiff sought to amend his complaint to include additional causes of action against the United States and to restate one of his current causes of action to more accurately reflect recognized theories of recovery in the State of Washington.  (ECF No. 32, at 2).  Plaintiff's original complaint contained four alleged causes of action addressed to the United States: (1) Colville Tribes' Negligent Supervision of Inherently Dangerous Work; (2) Bureau of Indian Affairs' Negligent Supervision of Inherently Dangerous Work; (3) Colville Tribes' Negligent Signature of Contract Without Proof of Insurance Attached; and (4) Bureau of Indian Affairs' Negligent Signature of Contract Without Proof of Insurance Attached.  (ECF No. 1).  By amending his Complaint, Plaintiff sought to rephrase his "Negligent Signing of a Contract" claim to "Negligent Selection and Retention of an Independent Contractor" and "Breach of a Duty to Provide Workers' Compensation Insurance" claims.  Plaintiff

also sought to add claims for "Breach of a Duty to Provide a Safe Workplace" and "Negligence in Creating a Hazardous Workplace." The Court granted Plaintiff's Motion For Leave to File Amended Complaint (ECF No. 36) based on the early stage of this litigation.

**II. SUMMARY OF FACTS**

This is a negligence action brought under the Federal Tort Claims Act(FTCA). Plaintiff Juan Medina was an employee of Defendant Innes Wood Products that contracted with the Confederated Tribes of the Colville Indian Reservation ("Colville Tribes"), a federally recognized Indian Tribe, to perform forestry related work. Plaintiff brought this action against the United States under the Federal Tort Claims Act and Shane and Jackie Innes dba Innes Wood Products ("IWP") following a work-related accident in which Plaintiff, an employee of IWP, was injured while cutting down a tree.

The Colville Tribes entered into a self-determination contract under the Indian Self Determination and Education Assistance Act ("ISDEAA"), 25 U.S.C. §§ 450 et. seq., with the U.S. Department of Health and Human Services, which provided funding for the Colville Tribes to conduct fire suppression and forestry-related work on the Colville Indian Reservation.

Defendant IWP is a sole proprietorship owned by Defendants Shane Innes, Sr. and his wife Jackie Innes.  IWP had been performing firefighting, logging, and fire suppression work since 2003 or 2004. Plaintiff had worked for IWP for several years prior to 2008 performing firefighting, logging, biomass reduction, and fire suppression work.  Plaintiff has worked on the Colville Indian

Reservation since about 2001 when he began working at the Mt. Tolman Fire Center in fire suppression and firefighting. Plaintiff was certified as a Firefighter 2 in June of 2001, and a Sawyer and Class A Faller in May, 2002.

In the summer of 2008, Plaintiff went to work for IWP again. On or about June 26, 2008, the Colville Tribes entered into a contract, entitled "Natural Resources Core Contract 2008" whereby the Colville Tribes hired IWP to perform biomass reduction by thinning trees on the Colville Reservation. On July 31, 2008, while working for IWP, Plaintiff was injured while cutting trees pursuant to the Natural Resource Core Contract. Specifically, Plaintiff, using his chainsaw, began cutting down a 35-foot tree with a broken top. That tree fell in a northeasterly direction and became lodged in a neighboring tree. Acting alone, Plaintiff attempted to dislodge the fallen tree by cutting down a neighboring tree. While cutting down the second tree, the fallen tree dislodged and fell on Plaintiff's head, injuring him.

**III.   ANALYSIS**

   **A. Burden of Proof on Summary Judgment**

The summary judgment procedure is a method for promptly disposing of actions. See Fed. R. Civ. Proc. 56. The judgment sought will be granted if "there is no genuine issue as to any material fact and [ ] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Proc 56(c). "[A] moving party without the ultimate burden of persuasion at trial [ ] may carry its initial burden of production by either of two methods.  The moving party may produce evidence negating an essential element of the nonmoving party's case, or, after suitable

discovery, may show that the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Companies*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the movant meets its burden, the nonmoving party must come forward with specific facts demonstrating a genuine factual issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, "the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In opposing summary judgment, the nonmoving party may not rest on his pleadings. He "must produce at least some 'significant probative evidence tending to support the complaint.'" *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 290, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)).

The Court does not make credibility determinations with respect to evidence offered, and is required to draw all inferences in the light most favorable to the non-moving party. See *T.W. Elec. Serv., Inc.*, 809 F.2d at 630-31 (citing *Matsushita*, 475 U.S. at 587). Summary judgment is therefore not appropriate "where contradictory inferences may reasonably be drawn from undisputed evidentiary facts...."

ORDER ~ 5

*Hollingsworth Solderless Terminal Co. v. Turley*, 622 F.2d 1324, 1335 (9th Cir. 1980).

**B.   Negligent Hiring and Retention of a Contractor**

In this cause of action, Plaintiff alleges the following duty: "The BIA[2] and Colville Tribes owed a duty of care to hire a competent contractor to perform the IWP Contract[3] work.  Plaintiff further alleges that the BIA and the Colville Tribes were negligent because (1) "he [Innes, the contractor] could not competently and safely perform the work" and (2) the BIA and Tribes knew Innes "did not provide Plaintiff with adequate workers' compensation insurance as required by the IWP Contract."  Am. Compl., ¶¶ 144-145.

The government argues the duty listed by Plaintiff in this cause of action does not exist with respect to the Colville Tribes or BIA under the circumstances of this case.  The issue was directly addressed by the Washington Supreme Court in *Kamla v. Space Needle Corp.*, 147 Wash.2d 114, 52 P.3d 472 (2002).  There, an employee (Kamla) working for a contractor hired by the jobsite and land owner (Space Needle Corporation) was injured while installing fireworks on the Space Needle.  Kamla sued Space Needle Corporation for negligence. The Washington Supreme Court held that because Space Needle did not retain control over the manner in which the contractor's work was to be performed, "Space Needle did not owe a common law duty of care

---

[2]Bureau of Indian Affairs or "BIA" hereinafter.

[3]The contract Plaintiff refers to as the "IWP Contract" is the contract entitled "Natural Resource Core Contract 2008" between the Colville Tribes and Innes.  ECF No. 13,  Exh. D.

ORDER ~ 6

based on retained control and is, therefore, not liable for Kamla's injuries." *Id.* at 122.

The government offers additional case law that supports its argument that the law in Washington is clear that the landowner will not be held liable under a theory of negligent hiring of a contractor. Washington law, the government asserts, extends liability of the landowner by recognizing a duty owed to third persons, but not employees of the independent contractor (like Medina) hired by the landowner. The government reasons that to extend liability in this situation would make the landowner an insurer or guarantor of the independent contractor and would, in effect, absolve the independent contractor of any liability in every case. ECF No. 55 at 6. Furthermore, the government argues that the *Hickle*[4] case, relied upon by Plaintiff, is inapposite because that case did not deal with an injury to an employee of the contractor, but rather a third party with no relationship to any of the other parties.

Plaintiff additionally asserts that the Colville Tribes knew that Plaintiff was not covered by workers' compensation insurance, despite expressly requiring IWP to provide its workers with such insurance prior to beginning the IWP Contract work (Minto Decl., ECF No. 17 at 2, ¶ 3). Plaintiff surmises that Colville Tribe was on notice, therefore, that IWP was an incompetent contractor. Plaintiff asserts that the Federal Defendants had a right and duty to prohibit IWP from

---

[4]*Hickle v. Whitney Farms, Inc.*, 107 Wash. App. 934, 29 P.3d 50 (2001).

ORDER ~ 7

performing the work until it complied with the IWP Contract requirements and applicable law.

Plaintiff argues that when the owner retains control over the workplace and is negligent in hiring the independent contractor, the rule of nonliability to employees of independent contractors, who are not in the "protected class of others," gives way. ECF No. 65. Plaintiff asserts that the Federal Defendants had a duty to exercise care in selecting a contractor. Plaintiff explains that because the work under the contract was the kind that was allegedly highly dangerous unless properly done and was of the sort that required particular skills for its successful accomplishment, the Federal Defendants had a duty to investigate the reputation and ascertain the competence of IWP. ECF No. 65 at 15.

Plaintiff concludes that whether the Federal Defendants breached this duty by allowing IWP to commence the contract work without providing proof of workers' compensation insurance and without ensuring Plaintiff was provided with adequate safety training and supervision, involves genuine issues of material fact.

The government replies that Plaintiff has cited no cases defining the elements of a negligent hiring claim that involves injury to the employee of an independent contractor under Washington law. In addition, the government argues, the actual wrong here was committed by Defendant Innes, who was responsible for all safety precautions and had both the opportunity and obligation to obtain adequate workers' compensation coverage for Plaintiff Medina, but undisputedly failed to do so.

ORDER ~ 8

The government further argues that it is also undisputed that Defendant Innes had been performing such forestry-related work for years, and Plaintiff produced no evidence that Defendant Innes had been negligent previously or that the Colville Tribes were aware of such prior negligence.

The Court finds that with respect to Defendant United States, Plaintiff's claim of negligent hiring of a contractor is supported neither in law or in fact. Summary judgment is granted in favor of Defendant United States with respect to this claim.

**C.   Breach of Duty to Provide A Safe Workplace**

Plaintiff next alleges in the Amended Complaint that the Colville Tribes and/or the BIA owed a duty to Plaintiff to provide a safe workplace. Plaintiff has identified six (6) possible sources of such a duty: (1) Occupational Safety and Health Act ("OSHA"); (2) Washington Industrial Safety and Health Act ("WISHA"); (3) Colville Tribal Industrial Safety and Health Act ("TISHA"); (4) common law; (5) the 638 self-determination contract; and (6) the Natural Resource Core Contract. Plaintiff additionally argues that whether cutting trees is inherently dangerous is an issue of fact. Plaintiff concludes that genuine issues of material fact exist as to whether the Federal Defendants failed to provide Plaintiff with a safe workplace in breach of their duty of care. The government disagrees explaining that none of those sources of a duty provide a separate cause of action. Rather, the government asserts, they define a standard of care used by the trier of fact to determine if a party was negligent. The government argues that whether cutting trees is inherently dangerous

is immaterial because in *Epperly v. City of Seattle*, 65 Wash.2d 777, 782 (1965), the Washington Supreme Court held that the duties based on inherently dangerous activities extends only to third parties that may be injured by the inherently dangerous activity but not to employees of the contractor carrying on the inherently dangerous activity.

The government argues that the Washington Supreme Court foreclosed the possibility of recovery from a landowner, such as the Colville Tribes, in *Hennig v. Crosby Group, Inc.*, 116 Wash.2d 131 (1991). The court in *Hennig* stated, "[a] common law exception to the general rule of nonliability exists where the employer of the independent contractor . . . retains control over some part of the work. The [employer] then has a duty, within the scope of that control, to provide a safe place to work. *Id.* at 134. The government explains that in the instant case, the Natural Resource Core Contract (the contract between the Colville Tribes and Innes) specifically delegated all such responsibility to Defendant Innes. That contract, argues the government, does not contain a single provision whereby the Colville Tribes take responsibility for any part of the work being performed by Defendant Innes. The Natural Resource Core Contract specifically required Innes to assume all responsibilities for "safety precautions and programs." (ECF No. 13, Exh. D at 26).

The Natural Resource Core Contract provides, in pertinent part:

> **a.  Responsibility for and Supervision of Forestry Practices:**
> CONTRACTOR represents that he or she has inspected and is familiar with the work site and the local conditions under which the work is to be performed.
> CONTRACTOR shall be solely responsible for all Forestry Practices under this Contract, including

ORDER ~ 10

> the techniques, sequences, procedures, and means
> for coordination of all work. CONTRACTOR shall
> properly supervise and direct the work of his or
> her employees and subcontractors, and shall give
> all attention necessary for such proper
> supervision and direction.
>
> . . . .
>
> **k.   Safety Precautions and Programs:**
> CONTRACTOR has the duty of providing for and
> overseeing all safety orders, precautions and
> programs necessary ro the reasonable safety of the
> work. In this connection CONTRACTOR shall take
> reasonable precautions for the safety of all work
> employees and other persons whom the work might
> affect, all work and materials incorporated in the
> project, and all property on the work site and
> adjacent thereto, complying with all applicable
> laws, ordinances, rules, regulations, and orders.

ECF No. 30 at 45, 47.

Next, the government argues that the 638 Contract, a self-determination contract entered into between the Confederated Tribes of the Colville Indian Reservation and the U.S. Department of Health and Human Services, places no duty on the Colville Tribes nor does it address safety requirements at the worksite where Plaintiff was injured. Rather the 638 Contract provides funding from the federal government to the Colville Tribes to conduct forestry-related work. The government further explains that the 638 Contract places no duty on the Colville Tribes to oversee the operations of a contractor that the Tribes might hire to perform forestry-related work.

The government concludes that under the undisputed facts, all safety precautions and programs were explicitly delegated to Defendant Innes. Under *Kelley v. Howard S. Wright Constr. Co.*, 90 Wash.2d 323, 330-31, 582 P.2d 500 (1978), the Colville Tribes and BIA have no

ORDER ~ 11

liability for the injuries suffered by Plaintiff while he worked for IWP.

Plaintiff also claims that several statutes may provide a basis for finding liability under this cause of action (Breach of Duty to Provide a Safe Workplace).  The government disagrees arguing that none of the statutes result in liability or provide a basis for recovery.  More specifically, Plaintiff claims that Colville Tribes or BIA had a legal duty under OSHA and its implementing regulations to ensure a safe workplace for Plaintiff.  The government explains that the Sixth Circuit case[5] relied upon by Plaintiff never answered the question whether an employer is subject to OSHA.

Furthermore, the government argues that the BIA is not an "employer" under OSHA.  The Bureau of Indian Affairs (BIA) is part of the United States, and OSHA specifically does not apply to the BIA or impose the duty on the BIA that Plaintiff has identified.  *See Occupational Safety and Health Act*, 29 U.S.C. § 651 et. seq.

The government also argues that Plaintiff does not have a cause of action against the Colville Tribes under OSHA because OSHA does not create a private cause of action.  *Kelley*, 90 Wash.2d 323, 335, 582 P.2d 500, 507 (1978).  Moreover, § 654(a)(1) of OSHA is completely inapplicable to the facts of this case because "[t]he employer's duty under (a)(1) flows only to its employees." *Universal Const. Co., Inc. v. Occupation Safety and Health Review Com'n*, 182 F.3d 726, 728 (10th Cir. 1999); *Teal,* 728 F.2d at 803 (§ 654(a)(1) imposes duty upon employers to protect the safety of its own employees).  Thus, this

---

[5] *Teal v. E.I. DuPont de Numours & Co.*, 728 F.2d 799 (6th Cir. 1984).

ORDER ~ 12

section imposes a duty on the Colville Tribe to protect its employees, but not the employee of an independent contractor, such as Plaintiff Medina.

Similarly, the government argues, there exists no duty on the Colville Tribes under § 654(a)(2) either. First, that § has been limited in application to multi-employer construction sites. Because this Plaintiff was not injured in a multi-employer construction site, this § is inapplicable. Second, "[t]he class of employers who owe a duty to comply with the OSHA regulations is defined with reference to control of the workplace and opportunity to comply with the OSHA regulations." *Teal*, 728 F.2d at 804. Here, the Colville Tribes were acting as landowners and cannot be held liable under § 654(a)(2).

The government concludes that the Colville Tribes did not control the manner in which the work was to be performed by Defendant Innes. The 638 Contract was simply for funding and the Natural Resource Core Contract specifically delegated all such responsibility to Defendant Innes. § 654(a)(2) of OSHA created no duty under the facts of this case and thus no breach of § 654(a)(2) occurred.

With regard to WISHA, the government asserts this statute does not apply to Indian tribes. Generally, state laws do not apply to the activities of tribal Indians on their reservations. *California v. Cabazon Band of Mission Indians*, 480 U.S. 202, 207, 107 S.Ct. 1083 (1987). Further, Washington has unequivocally determined that its state health and safety laws do not apply to the Tribes. *Humes v. Fritz Companies, Inc.*, 125 Wash.App. 477, 105 P.3d 100 (2005) ("the State lacks the jurisdiction to enforce a standard of care on the

ORDER ~ 13

Tribe for conditions at the worksite outside the casino on the day of the accident").

The government argues the question of whether the Colville Tribes were a general contractor or landowner is also immaterial. *Morris v. Vaagen Bros. Lumber, Inc.*, 130 Wash.App. 243, 253,(2005) suggests that the statutory nondelegable duty to ensure safety compliance on the jobsite depends on who retained the right to control the manner in which work was to be performed, regardless of whether they are a landowner or general contractor. The Natural Resource Core Contract delegated all such control to Innes as discussed above.

To the extent Plaintiff alleges a violation of the Colville TISHA (tribal law), the government argues that the United States has not waived sovereign immunity. As such, this Court lacks subject matter jurisdiction over any claim based on a violation of the Tribal Code. An additional reason Plaintiff can't recover under TISHA, the government asserts, is because the language in Section 6-1-22 of that Colville Tribal Code is identical to RCW 49.17.060. Because the Washington Supreme Court has held that there is no general duty to provide a safe workplace on the part of an entity in the position of the Colville Tribes under a statute identical to the Tribal Code, this Court can hold too that Plaintiff has no valid cause of action for failure to provide a safe workplace.

If, however, the Court allowed this claim, the government argues Plaintiff could not show liability. In particular, TISHA provides in relevant part that each employer "[s]hall furnish to each of his employees a place of employment free from recognized hazards that are

ORDER ~ 14

causing or likely to cause serious injury or death to his employees."[6] The government argues that the Colville Tribes or BIA could not have known about the tree that was hung up in another tree because that hazard did not exist until Plaintiff created that hazard.  The tree that injured Plaintiff was not a "recognized hazard" and therefore, there was no duty to warn and no breach of any duty by the BIA or Tribes.

This Court finds that under the Natural Resource Core Contract, the independent contractor Defendant Innes, rather than the Colville Tribes and/or BIA, retained control of all safety precautions and programs.  Washington law is clear that the right to control the work establishes the liability between a landowner and independent contractor.  As for the 638 self-determination contract, the Court finds that contract contains no language imposing a duty to provide a safe workplace or oversee Defendant Innes because the subject of that contract is strictly federal funding.  The Court finds no disputed material facts remain regarding summary judgment on the United States' absence of a duty to Plaintiff Medina to provide a safe workplace based on the current state of the record before the Court. Therefore, summary judgment is granted in favor of Defendant United States with regard to this claim.

**D.   Breach of Duty to Provide Workers' Compensation**

Plaintiff argues that "the Federal Defendants owed common law, contractual, and statutory duties to Mr. Medina to ensure that he was covered by workers' compensation insurance prior to beginning the IWP

---

[6]ECF No. 32-1, Addendum 1, ¶ 6-1-22.

Contract work." ECF No. 65, at 12. Plaintiff leans on the *Kelley* case to support his contention that because the Colville Tribes required proof of insurance on the part of Innes, the Colville Tribes or BIA retained control over the provision of the Natural Resource Core Contract requiring such insurance.

The government responds that *Kelley* simply stands for the proposition that where a general contractor retains control of the work being performed by the independent contractor, the general contractor may be found liable. The government asserts that *Kelley* has nothing to do with providing workers' compensation insurance.

Plaintiff next argues, relying on *Cherokee Nation of Oklahoma v. Leavitt*, 543 U.S. 631 (2005), that under the ISDEAA, the United States has an obligation to provide adequate funding to the Colville Tribes for contract support, including the provision of workers' compensation insurance.

The government responds that *Cherokee Nation* is inapplicable and does not address the workers' compensation issue. In *Cherokee Nation*, the tribes sued the federal government because the federal government refused to provide all support costs after entering into a self-determination contract with the tribes. The issue in the instant case is not funding of the Colville Tribes' program. In fact, the Tribes had sufficient funding and offered Innes the opportunity to have workers' compensation insurance coverage through the Tribes. (ECF No. 37, ¶ 119). Defendant Innes, however, purportedly refused to be covered by the Colville Tribes and did not provide alternative coverage for his employees.

ORDER ~ 16

Plaintiff also argues that 41 U.S.C. § 351 and 48 C.F.R. § 28.301 require the United States to provide workers' compensation insurance. The government responds that this statute and those regulations only apply to contracts entered into by the United States, not Indian tribes, the latter who are sovereign nations.  Both the statute and regulations explicitly indicate they apply only to the United States or federal agencies.  The Colville Tribes are not a federal agency. *United States v. Wheeler*, 435 U.S. 313, 98 S.Ct. 1079 (1978).

Finally, Plaintiff argues that the Colville Tribes assumed a duty under the Natural Resource Core Contract to provide insurance to Plaintiff.  The government asserts that Plaintiff ignores the plain language in paragraphs 16 and 17 of that contract (ECF No. 13, Medina Decl., Ex. D) that place responsibility solely on Defendant Innes to provide insurance.  The government concludes the sole duty to provide workers' compensation insurance fell on Innes pursuant to the contract and R.C.W. 51.14.010.

The Court finds under both Ninth Circuit and Washington case law, there is no duty, on the part of the party that engaged the independent contractor, to ensure that workers' compensation was in place.  See *Goodwin v. United States*, 517 F.2d 481 (9th Cir. 1975) and *Woodrome v. Benton County*, 56 Wash.App. 400(1989).  Therefore, summary judgment is granted in favor of Defendant United States with regard to this claim.

### E.   Negligence in Creating a Hazardous Workplace

Plaintiff claims in Count 4 that the BIA or Colville Tribes created a hazardous work condition by requiring the cutting of flat

stumps.  Plaintiff also claims that his injuries were caused not only by the tree falling on him, but by the delay in getting him medical treatment.

The government argues that the undisputed facts demonstrate that Plaintiff Medina was the sole cause of his injuries.  Plaintiff provides no explanation for how a requirement for flat stumps relates to his cutting down a tree which had just lodged in another tree. Additionally, the government points out that the delay in getting Medina medical care was not the fault of either the BIA or Tribes. "Plaintiff called for help for about 10 minutes before Shane Innes, Jr., heard him."  Am. Compl. (ECF No. 37), ¶ 66. "Mr. Innes also never discussed with Mr. Medina the felling of lodged trees or what he should do in the event of the need to fall a lodged tree." Id., ¶ 27. The record also reveals that Mr. Medina did not want to be moved after the accident for about 30 minutes.  ECF No. 13, Decl. of J. Medina, ¶ 20.

Defendant Innes did not provide first aid or call an ambulance. *Id.*, ¶ 21.[7]  Innes and his son drove Plaintiff to the hospital. *Id.*, ¶ 22.  Plaintiff was denied benefits by Social Security, the Tribes, and Washington L & I.  *Id.*, ¶ 25.

The Court finds that the undisputed evidence shows that Defendant United States was not the cause of Plaintiff's injuries.  The current

---

[7]The Court notes that in Defendant Innes Motion to Dismiss, it states that Medina refused the services of the ambulance when asked by Mr. Innes Sr.(ECF No. 7, at 2).

ORDER ~ 18

state of the record does not show that Defendant United States was negligent in creating a hazardous workplace.  The Court grants summary judgment in favor of Defendant United States for this cause of action.

**F.    Negligence Supervision of Inherently Dangerous Work**

Plaintiff, again relying on the *Kelley* case, argues that the Federal Defendants owed Plaintiff a duty of care because the work he was doing was inherently dangerous, the Colville Tribes knew it was inherently dangerous, and Colville Tribes were in a position to protect Plaintiff from the hazards of that work.  Plaintiff also claims the Federal Defendants owed a common law duty to supervise inherently dangerous work.  Plaintiff also appears to argue that under the doctrine of non-delegable duties, an owner who hires an independent contractor may still be liable for breach of a non-delegable duty.[8]

Defendant United States argues that the issue of whether the work Plaintiff was doing was inherently dangerous is immaterial to resolution of this motion. Both *Epperly* and *Tauscher* foreclosed the possibility that the employee of an independent contractor can recover against a landowner under the "inherently dangerous activity" theory. *Epperly*, 65 Wash.2d at 783; *Tauscher v. Puget Sound Power and Light*

---

[8]A non-delegable duty is defined as a definite affirmative duty the law imposes on one by reason of his or her relationship with others. *McLandrich v. Southern California Edison Co.*, 942 F.Supp. 457 (S.D.Cal. 1996).

ORDER ~ 19

*Co.*, 96 Wash.2d 274, 279 (1981).  Under Washington law, Plaintiff cannot recover against the United States for his injuries[9].

The Ninth Circuit has found that an injured employee of an independent contractor may sue the party hiring that contractor if the hiring party had "actual knowledge of safety violations and the dangers posed by those violations yet failed to exercise [its] right under the contract to correct them." *Yanez v. United States*, 63 F.3d 870, 875 (9th Cir. 1995).  The undisputed record before this Court does not support such a contention in this case.

Further, a landowner is not liable for the "collateral negligence" of the contractor; this is negligence that is unusual or abnormal, or foreign to the normal or contemplated risks of doing the work, as distinguished from negligence that creates only the normal or contemplated risk.[10]  There is no evidence the United States was the

---

[9]This Court does not find it necessary for purposes of this motion to make the determination that the work involved in this case was inherently or intrinsically dangerous work.

[10]Restatement (Second) of Torts § 426 provides: Except as stated in §§ 428 and 429 [not applicable here], an employer of an independent contractor, unless he is himself negligent, is not liable for any physical harm caused by any negligence of the contractor if (a) the contractor's negligence consists solely in the improper manner in which he does the work, and (b) it creates a risk of such harm which is not inherent in or normal to the work, and (c) the employer had no reason to contemplate the contractor's negligence when the contract was made.

ORDER ~ 20

cause of Plaintiff's injuries.  There is some evidence that could amount to collateral negligence of the contractor or its employee (Plaintiff).  There is no evidence that the United States maintained control over the project, knew of potentially dangerous conditions or policies, and failed to exercise its control, if any control it had, to minimize the risk to the Plaintiff employee.  Rather, Defendant Innes contractually assumed control for all safety programs for the work.  Plaintiff has not offered any evidence that the United States had undertaken responsibility for the day-to-day operations at the site or that it maintained any control over the safety policies of the worksite.

Although Plaintiff argues that the Federal Defendants created a hazardous work place by requiring Innes to perform "flat" cuts on trees when OSHA regulations instead require "backcuts" and "undercuts", Plaintiff does not explain how such a requirement resulted in his injury.  Under the law applicable to this case, the Court finds that summary judgment should be granted in favor of the United States for this claim.

**IT IS ORDERED:**

1.  Defendant United States' Motion for Summary Judgment, ECF No. 54, is **GRANTED.**  All of Plaintiff's claims against the United States are dismissed with prejudice.

2.  The District Court Executive is directed to enter judgment in favor of the United States that is consistent with this order.

///

///

ORDER ~ 21

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide copies to counsel and all pro se parties.

**DATED** this 22nd day of May, 2012.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Judge

ORDER ~ 22